IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., *Jane Doe, individually, John Doe, individually, Jesse Doe, individually, Jamie Doe, individually* | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| EMANUEL COUNTY SCHOOL DISTRICT (A/K/A "Emanuel County Schools"), KEVIN JUDY, individually and in his official capacity as superintendent of Emanuel County School District, VALORIE WATKINS, individually and in her official capacity as principal of Swainsboro Primary School, KAYTRENE BRIGHT, individually and in her official capacity as a Swainsboro Primary School teacher, AND CEL THOMPSON, individually and in her official capacity as a Swainsboro Primary School teacher | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.: 6:15-CV-00013 |
| Defendants. | ) ) | |

### DEFENDANT VALORIE WATKINS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW, Defendant Valorie Watkins ("Defendant Watkins"), individually and in her official capacity as principal of Swainsboro Primary School, by and through her undersigned attorneys, and hereby answers Plaintiffs' First Amended Complaint. Defendant Watkins shows this Honorable Court as follows:

1

## FIRST DEFENSE

Plaintiffs' Amended Complaint fails to state a claim against Defendant Watkins upon which relief can be granted.

## SECOND DEFENSE

There is no justiciable case or controversy with respect to some or all of Plaintiffs' claims against Defendant Watkins.

## THIRD DEFENSE

Plaintiffs lack standing and/or capacity to raise some or all of their claims before this Court.

## FOURTH DEFENSE

Defendant Watkins is immune from some or all of Plaintiffs' claims.

## FIFTH DEFENSE

At all times relevant to this lawsuit, Defendant Watkins acted in good faith, without actual malice, intent to injure, or reckless indifference to Plaintiffs' rights.

## SIXTH DEEFNSE

Plaintiffs' damages are limited to those remedies and amounts provided for by statute.

## SEVENTH DEFENSE

Plaintiffs have failed to mitigate damages as required by law.

## EIGHTH DEFENSE

Some or all of Plaintiffs' claims and/or requests for relief are moot.

## NINTH DEFENSE

Defendant Watkins did not violate any clearly established statutory or constitutional right of which a reasonable person would have known and hence, enjoys qualified and good faith immunity.

## TENTH DEFENSE

Plaintiffs fail to state a claim for punitive damages against Defendant Watkins named in her official capacity.

## ELEVENTH DEFENSE

Defendant Watkins is named in both her individual and official capacity and is improperly joined as a party to the extent that she is named in her official capacity.

## TWELFTH DEFENSE

Plaintiffs' First Amended Complaint fails to state a claim for punitive, actual, special, exemplary, liquidated or compensatory damages.

## THIRTEENTH DEFENSE

Defendant Watkins sued in her official capacity or otherwise is not liable for the individual acts of any Defendants.

## FOURTEENTH DEFENSE

Defendant Watkins has not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery regarding the circumstances of the Plaintiffs' allegations. This Defendant intends to further act to inform itself of the pertinent facts and prevailing circumstances surrounding any reported injury or damage to the Plaintiffs as alleged in the Complaint, and gives notice of its intent to assert any further affirmative defense that the information-gathering process may indicate is supported by fact and law. This Defendant reserves the right to amend this Answer and assert such defenses.

## **NATURE OF THE CLAIMS**

1.

Paragraph 1 of Plaintiff's Amended Complaint is a statement describing the nature of Plaintiffs' action and requires no response of this Defendant.  To the extent that a response is required, Defendant Watkins states only that this action challenges the constitutionality of certain practices allegedly attributable to the Defendants in this case, but denies the remaining allegations contained in this Paragraph and any suggestion or inference that Defendant Watkins engaged in said practices.

2.

Paragraph 2 of Plaintiff's Amended Complaint is a statement describing the remedies that Plaintiffs' seek and requires no response of this Defendant.  To the extent that a response is required, Defendant Watkins states only that Plaintiffs seeks the remedies described, but denies the remaining allegations contained in this Paragraph and any suggestion or inference that Defendant Watkins actually engaged in the described practices.

## JURISDICTION & VENUE

3.

Responding to Paragraph 3 of Plaintiffs' Amended Complaint, Defendant Watkins states that the claims and causes of action asserted by Plaintiffs arise under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983.  Defendant Watkins denies the remaining allegations contained in this Paragraph.

4.

Responding to Paragraph 4 of Plaintiffs' Amended Complaint, Defendant Watkins states that the Court has jurisdiction over the causes of action Plaintiffs allege but denies that the remaining allegations contained in this Paragraph.

5.

Responding to Paragraph 5 of Plaintiffs' Amended Complaint, Defendant Watkins states statutes and rules referenced by Plaintiffs speak for themselves. Defendant Watkins denies the remaining allegations contained in this Paragraph.

6.

Defendant Watkins states that Plaintiffs seek to involve venue, and denies the remaining allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint.

## THE PARTIES

7.

Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint and, therefore, denies those allegations.

8.

Responding to Paragraph 8 of Plaintiffs' Amended Complaint, Defendant Watkins admits that the Doe children have attended Swainsboro Primary School this school year and is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph and, therefore, denies those allegations.

9.

Responding to Paragraph 9 of Plaintiffs' Amended Complaint, Defendant Watkins admits only that Jesse Doe was enrolled as a first grade student at

Swainsboro Primary School and denies the remaining allegations contained in this Paragraph.

10.

Responding to Paragraph 10 of Plaintiffs' Amended Complaint, Defendant Watkins admits only that Jamie Doe was enrolled as a kindergarten student at Swainsboro Primary School and denies the remaining allegations contained in this Paragraph.

11.

Responding to Paragraph 11 of Plaintiffs' Amended Complaint, Defendant Watkins states that Emanuel County Schools are public schools in Emanuel County, Georgia but denies the remaining allegations contained in this Paragraph.

12.

Responding to Paragraph 12 of Plaintiffs' Amended Complaint, Defendant Watkins states that Kevin Judy is the Superintendent of Emanuel County School District but is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph, and, therefore, denies those allegations.

13.

Responding to Paragraph 13 of Plaintiffs' Amended Complaint, Defendant Watkins states that she is principal of Swainsboro Primary School and denies the remaining allegations contained in this Paragraph.

14.

Responding to Paragraph 14 of Plaintiffs' Amended Complaint, Defendant Watkins states that Kaytrene Bright is a first grade teacher at Swainsboro Primary School and that she was Jesse Doe's teacher until the start of the January 2015 term and is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph, and, therefore, denies those allegations.

15.

Responding to Paragraph 15 of Plaintiffs' Amended Complaint, Defendant Watkins states that Cel Thompson is a kindergarten teacher at Swainsboro Primary School and that she was Jaime Doe's teacher and is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph, and, therefore, denies those allegations.

## FACTUAL BACKGROUND

16.

Defendant Watkins denies the allegations contained in Paragraph 16 of Plaintiffs' Amended Complaint to the extent that they are directed at her and is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph, and, therefore, denies those allegations.

17.

Responding to Paragraph 17 of Plaintiffs' Amended Complaint, Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, therefore, denies those allegations.

18.

Responding to Paragraph 18 of Plaintiffs' Amended Complaint, Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, therefore, denies those allegations.

19.

Responding to Paragraph 19 of Plaintiffs' Amended Complaint, Defendant Watkins states only that John Doe notified this Defendant that he believed that teachers were leading prayer in the classroom and that he objected, but Defendant Watkins denies any suggestion or implication that teachers were actually leading prayer in the classroom.  Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph and, therefore, denies those allegations.

20.

Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Amended Complaint and, therefore, denies those allegations.

21.

Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' Amended Complaint and, therefore, denies those allegations.

22.

Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Amended Complaint and, therefore, denies those allegations.

23.

Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiffs' Amended Complaint and, therefore, denies those allegations.

24.

Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiffs' Amended Complaint and, therefore, denies those allegations.

25.

Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiffs' Amended Complaint and, therefore, denies those allegations.

26.

Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiffs' Amended Complaint and, therefore, denies those allegations.

27.

Defendant Watkins denies the allegations contained in Paragraph 27 of Plaintiffs' Amended Complaint to the extent that they are directed at her. Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth as to the remaining allegations contained in this Paragraph and, therefore, denies those allegations.

28.

Responding to Paragraph 28 of Plaintiffs' Amended Complaint, Defendant Watkins states only that she spoke with John Doe at some point in August of 2014 about the Doe children waiting in the hallway while other children in the classroom who wished to say a prayer to themselves did so. To the extent that this Paragraph suggests or infers that ECS teachers led students in prayer or that the Doe children

were forcibly removed from the classroom, the allegation is denied. Defendant Watkins denies the remaining allegations contained in this Paragraph.

29.

Defendant Watkins denies the allegations contained in Paragraph 29 of Plaintiffs' Amended Complaint.

30.

Defendant Watkins denies the allegations contained in Paragraph 30 of Plaintiffs' Amended Complaint.

31.

Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiffs' Amended Complaint and, therefore, denies those allegations.

32.

Responding to Paragraph 32 of Plaintiffs' Amended Complaint, Defendant Watkins states that she received a letter from the FFRF described in this Paragraph and would state that the letter speaks for itself. Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth of the

remaining allegations contained in this Paragraph and, therefore, denies those allegations.

33.

Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiffs' Amended Complaint and, therefore, denies those allegations.

34.

Defendant Watkins denies the allegations contained in Paragraph 34 of Plaintiffs' Amended Complaint.

35.

Defendant Watkins denies the allegations contained in Paragraph 35 of Plaintiffs' Amended Complaint.

36.

Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiffs' Amended Complaint and, therefore, denies those allegations.

37.

Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiffs' Amended Complaint and, therefore, denies those allegations.

38.

Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiffs' Amended Complaint and, therefore, denies those allegations.

39.

Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiffs' Amended Complaint and, therefore, denies those allegations.

40.

Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiffs' Amended Complaint and, therefore, denies those allegations.

41.

Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiffs' Amended Complaint and, therefore, denies those allegations.

42.

Defendant Watkins is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiffs' Amended Complaint and, therefore, denies those allegations.

## CAUSES OF ACTION

43.

Responding to Paragraph 43 of Plaintiffs' Amended Complaint, Defendant Watkins restates her responses to all preceding paragraphs as if set forth fully herein.

44.

Defendant Watkins denies the allegation contained in Paragraph 44 of Plaintiffs' Amended Complaint.

45.

Defendant Watkins denies the allegations contained in Paragraph 45 of Plaintiffs' Amended Complaint.

46.

Defendant Watkins denies the allegations contained in Paragraph 46 of Plaintiffs' Amended Complaint.

47.

Defendant Watkins denies the allegations contained in Paragraph 47 of Plaintiffs' Amended Complaint.

48.

Defendant Watkins denies the allegations contained in Paragraph 48 of Plaintiffs' Amended Complaint.

49.

Defendant Watkins denies the allegations contained in Paragraph 49 of Plaintiffs' Amended Complaint.

50.

Defendant Watkins denies the allegations contained in Paragraph 50 of Plaintiffs' Amended Complaint.

51.

Defendant Watkins denies the allegations contained in Paragraph 51 of Plaintiffs' Amended Complaint.

52.

Defendant Watkins denies the allegations contained in Paragraph 52 of Plaintiffs' Amended Complaint.

53.

Defendant Watkins denies the allegations contained in Paragraph 53 of Plaintiffs' Amended Complaint.

54.

Defendant Watkins denies the allegations contained in Paragraph 54 of Plaintiffs' Amended Complaint.

55.

Defendant Watkins denies the allegations contained in Paragraph 55 of Plaintiffs' Amended Complaint.

56.

Defendant Watkins denies the allegations contained in Paragraph 56 of Plaintiffs' Amended Complaint.

57.

Defendant Watkins denies the allegations contained in Paragraph 57 of Plaintiffs' Amended Complaint.

58.

Defendant Watkins denies the allegations contained in Paragraph 58 of Plaintiffs' Amended Complaint.

59.

Defendant Watkins denies the allegations contained in Paragraph 59 of Plaintiffs' Amended Complaint.

## REQUEST FOR RELIEF

60.

Defendant Watkins denies that Plaintiffs are entitled to any of the relief sought in the Paragraph beginning "WHEREFORE," including subparts (A)-(F).

61.

Any allegation contained in Plaintiffs' Amended Complaint that has not been specifically admitted, denied, or otherwise responded to is hereby denied.

WHEREFORE, Defendant Watkins respectfully request that this Court grant judgment in her favor, dismiss all Plaintiffs' claims with prejudice, and to award costs, attorney's fees, and all other relief that this Court may deem proper.

## DEMAND FOR JURY TRIAL

Defendant Watkins requests a trial by jury on all issues so triable.

Respectfully submitted, this 8th day of May, 2015.

[SIGNATURE  ON FOLLOWING PAGE]

By:    */s/ Kent T. Stair*
KENT T. STAIR
State Bar No. 674025
kstair@carlockcopeland.com
JOHN C. ROGERS
State Bar No.: 612741
jrogers@carlockcopeland.com
Carlock, Copeland & Stair LLP
191 Peachtree Street, NE
Suite 3600
Atlanta, Georgia 30303
(404)522-8220

*Attorneys for Defendant*
*Valorie Watkins*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system and also served on the following by placing same in the U.S. mail, postage prepaid and properly addressed, this 8th day of May, 2015:

Wallace R. Nichols
W.R. Nichols & Associates, P.C.
1532 Dunwoody Village Parkway
Suite 205
Atlanta, Georgia  30338

Phillip L. Hartley
Hieu Nguyen
Harben, Hartley & Hawkins, LLP
Wells Fargo Center, Suite 750
340 Jesse Jewell Parkway
Gainesville, Georgia  30501

William Buechner
Mary Anne Ackourey
100 Galleria Parkway, Suite 1600
Atlanta, Georgia  30339-5948

Sam Grover
Andrew Seidel
Freedom From Religion Foundation
P.O. Box 750
Madison, WI  53701

[SIGNATURE ON FOLLOWING PAGE]

By:    */s/ Kent T. Stair*
KENT T. STAIR
State Bar No. 674025
kstair@carlockcopeland.com
JOHN C. ROGERS
State Bar No.: 612741
jrogers@carlockcopeland.com
Carlock, Copeland & Stair LLP
191 Peachtree Street, NE
Suite 3600
Atlanta, Georgia 30303
(404)522-8220

*Attorneys for Defendant*
*Valorie Watkins*